<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4395**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CHRISTIAN JOHNSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:12-cr-00083-HCM-TEM-1)

Submitted: November 14, 2013    Decided: January 17, 2014

Before DAVIS, KEENAN, and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Paul G. Watson IV, PAUL G. WATSON IV, PC, Eastville, Virginia, for Appellant. Louis Albert Crisostomo, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Howard Jacob Zlotnick, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Johnson appeals his convictions and 385-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (2012), and two counts of possessing and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), because appellant specifically desired to appeal his sentence. Counsel acknowledges that Johnson was sentenced to the statutory minimum on the firearm counts and one month on the robbery count, but questions whether the sentence was excessive. Johnson was informed of his right to file a pro se supplemental brief, but has not filed a brief. The Government declined to file a brief.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, this court considers whether the district court

2

properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011), (citing Gall, 552 U.S. at 56); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted).

If the sentence is free of procedural error, the court reviews it for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. This court presumes that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Moreover, a statutorily required sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

3

In this case, as counsel notes in the Anders brief, the district court sentenced Johnson to the statutorily mandated sentences of eighty-four and 300 months on the § 924(c) counts, which must be consecutive to each other and to the sentence on any other count. See Abbott v. United States, 131 S. Ct. 18 (2010) (sentences for violation of § 924(c) are mandatorily consecutive to sentence for any other offenses). On the robbery count, the court varied downward from the Guidelines range and imposed a sentence of only one month. Johnson does not assert any procedural error in the determination of his sentence, and our review of the record reveals that the district court correctly calculated the Guidelines range on the robbery count and determined that consecutive sentences of eighty-four and 300 months were required on the firearm counts, considered the § 3553(a) factors, and adequately explained its sentence. The sentence is thus procedurally reasonable. The sentence is also substantively reasonable, as the district court could not have imposed less than the statutory mandatory minimum sentences, and its sentence on the robbery count is less than two percent of the bottom of the Guidelines range on that count. United States v. Robinson, 404 F.2d 850, 862 (4th Cir. 2005) (absent government motion for departure for substantial assistance under § 3553(e), district court has no discretion to sentence below statutory minimum).

4

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's convictions and sentence. We remand to the district court, however, for correction of two minor clerical errors in the written judgment. The "nature of offense" description of the § 924(c) counts should be amended to read "Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence," and the count numbers should be amended to reflect that the counts were in a superseding indictment. This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED AND REMANDED</u>